

WINSTON & STRAWN LLP

North America   Europe   Asia

101 California Street
34th Floor
San Francisco, CA 94111
T +1 415 591 1000
F +1 415 591 1400

DAVID S. BLOCH
PARTNER
(415) 591-1452
dbloch@winston.com

**Via CM/ECF**

December 19, 2017

Hon. Marvin J. Garbis
Edward A. Garmatz Courthouse
Chambers 5C
101 W. Lombard Street
Baltimore, Maryland 21201

   Re: *ChargePoint, Inc. v. SemaConnect, Inc.*
      Civil Action No.: MJG-17-3717

Dear Judge Garbis:

  Plaintiff ChargePoint, Inc., respectfully requests the Court schedule a hearing to consider plaintiff's Motion for Emergency Injunctive Relief (ECF 7).

  ChargePoint, which is the market leader in electric vehicle charging technology, initiated the above-captioned lawsuit on Friday, December 15, 2017, to protect its intellectual property against patent infringement by defendant SemaConnect, Inc. ECF 1.[1] SemaConnect is in the process of entering into contracts to deploy at least $16 million in infringing charging stations and related infrastructure to customers over the next 90 days, and to provide services related to those products for eight years. *Id.* ¶ 2. Notably, defendant will provide these products and services to customers *free of charge*—thus making it difficult, if not impossible, for ChargePoint to compete with SemaConnect's infringing conduct. *Id.*

  As explained more fully in the Motion for Emergency Injunctive Relief (ECF 7) and accompanying memorandum of law (ECF 7-1), ChargePoint is at risk of immediate irreparable harm in the absence of an order enjoining SemaConnect's unlawful behavior. Because charging stations are fixtures, once SemaConnect installs an infringing station, ChargePoint will be effectively shut out from that customer for nearly a decade—most of the life of the infringed patents. As a result, ChargePoint faces a substantial risk of lost market share, price erosion, lost goodwill, and lost downstream sales.

---

[1] The case was initially assigned to Judge Bredar and was reassigned to Judge Xinis on December 18, 2017. It was then reassigned to your Chambers on December 18, 2017.

  On December 15, 2017, ChargePoint served SemaConnect, by hand delivery, copies of the Complaint (ECF 1) and Motion for Emergency Injunctive Relief (ECF 2). *See* Cohen Dec., ¶¶ 2-3, Ex. A.



SemaConnect's conduct following the initiation of this lawsuit has crystalized the urgency of the Motion. Yesterday, December 18, 2017, after it was first notified of this lawsuit, SemaConnect issued a press release (Cohen Dec., ¶ 7, Ex. D) detailing its plans to "build a premier network of workplace and multifamily EV charging stations in 12 cities across the United States" using infringing products. *Id.* It promised to provide "on-going network and maintenance services for the duration of the ... program." *Id.* This press release strongly suggests that SemaConnect is prepared to proceed with its installation and service of infringing products without regard to this action and the requested temporary injunction.

Although counsel has not entered an appearance on behalf of defendant, on December 18, 2017, ChargePoint effected formal service of the Complaint and also served the Motion by hand delivery. *See* ECF 14; Cohen Dec., ¶¶ 3-6, Exs. B, C. Accordingly, defendant has been afforded the notice required to eliminate the heightened procedural requirements for *ex parte* orders in Fed. R. Civ. P. 65(b)(1) and (b)(2). *See* 11A C. WRIGHT & A. MILLER, FED. PRACTICE & PROCEDURE, § 2951 (3d ed.) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements."); *see also Kelly v. Moyer*, RDB-16-4143, 2017 WL 3500394, at *5 (D. Md. Aug. 14, 2017) ("A preliminary injunction is distinguished from a TRO only by the difference in notice to the nonmoving party and by the duration of the injunction.").w

In view of the foregoing, plaintiff respectfully requests the Court schedule a hearing on the Motion, to be held at the Court's first convenience. ChargePoint is prepared to proceed on Thursday, December 21, 2017, and Friday, December, 22, 2017. Should neither of those dates be available for a hearing, ChargePoint is available at the Court's convenience for a telephone conference to discuss a schedule. In addition, ChargePoint remains willing to enter into an agreement with SemaConnect to maintain the status quo pending a preliminary injunction hearing, which would moot the need for a temporary restraining order. Thank you.

Very truly yours,

David S. Bloch

Cc (b*y First Class U.S. Mail, Postage Pre-Paid, and email*):

    SemaConnect, Inc.,
    4961 Tesla Drive,
    Bowie, MD 20715
    Attn: Mahidhar Reddy, Suite A
    <mreddy@semaconnect.com>

Enclosures