**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| CHARGEPOINT, INC., <br>     *Plaintiff*, <br><br> v. <br><br> SEMACONNECT, INC., <br>     *Defendant*. | Civil Action No:  MJG-17-3717 |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff ChargePoint, Inc. respectfully submits this notice of supplemental authority relevant to ChargePoint's Opposition (ECF 43) to SemaConnect's Motion to Dismiss (ECF 41). Yesterday, February 8, 2018, the Court of Appeals for the Federal Circuit issued its opinion in *Berkheimer v. HP Inc.*, ___ F.3d ___, No. 2017-1437, 2018 WL 774096 (Fed. Cir. Feb. 8, 2018), which is attached as Exhibit A. For the Court's convenience, relevant portions of the *Berkheimer* opinion are copied below:

- *Representative claims*:

    First, we address whether Mr. Berkheimer waived his ability to argue that the dependent claims are separately patent eligible. Courts may treat a claim as representative in certain situations, such as if the patentee does not present any meaningful argument for the distinctive significance of any claim limitations not found in the representative claim or if the parties agree to treat a claim as representative. *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1352 (Fed. Cir. 2016); *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1316 & n.9 (Fed. Cir. 2016). Because Mr. Berkheimer maintained that limitations included in dependent claims 4–7 bear on patent eligibility and never agreed to make claim 1 representative, we hold that arguments going specifically to claims 4–7 are properly preserved on appeal. [Slip op. 6-7.]

- *Burden of proof*:

    The question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact. Any fact, such as this one, that is pertinent to the invalidity conclusion must be proven by clear and convincing evidence. *See Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011). Like indefiniteness, enablement, or obviousness, whether a claim recites patent eligible subject matter is a question of law which may contain underlying facts. … [Slip op. 12.]

- *Use of prior art*:

    … Whether something is well-understood, routine, and conventional to a skilled artisan at the time of the patent is a factual determination. Whether a particular technology is well-understood, routine, and conventional goes beyond what was simply known in the prior art. The mere fact that something is disclosed in a piece of prior art, for example, does not mean it was well-understood, routine, and conventional. [Slip op. 14.]

[**Signatures on Following Page**]

Dated: February 9, 2018 Respectfully Submitted,

   */s/ David S. Bloch*
Charles Klein (Fed. Bar No. 14504)
Zachary Cohen (Fed. Bar No. 20159)
**WINSTON & STRAWN LLP**
1700 K St., N.W.
Washington, DC 20006
(Tel). (202) 282-5000
cklein@winston.com
zcohen@winston.com


David S. Bloch
Michael Rueckheim
James C. Lin
Pooya Shoghi
**WINSTON & STRAWN LLP**
275 Middlefield Road, Suite 205
Menlo Park, CA 94025-4004
(Tel.) (650) 858-6500
dbloch@winston.com
mrueckheim@winston.com
jalin@winston.com
pshoghi@winston.com

*Counsel for Plaintiff*