**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| CHARGEPOINT, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>SEMACONNECT, INC.,<br><br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§  Civil Action No. 8:17-cv-03717-MJG<br>§<br>§<br>§<br>§<br>§ |

# DEFENDANT SEMACONNECT'S RESPONSE TO CHARGEPOINT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant SemaConnect, Inc. ("SemaConnect") respectfully submits this response to ChargePoint, Inc.'s Notice of Supplemental Authority (Dkt. 49) on *Berkheimer v. HP Inc.*, ___ F.3d ___, No. 2017-1437, 2018 WL 774096 (Fed. Cir. Feb. 8, 2018).  For the Court's convenience, SemaConnect has reproduced below relevant portions of the *Berkheimer* opinion:

- Patent Eligibility is an Issue of Law:

  > Patent eligibility under 35 U.S.C. § 101 is ultimately an issue of law we review de novo. *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 850 F.3d 1332, 1338 (Fed. Cir. 2017).

Slip Op. at 6.

  > As our cases demonstrate, not every § 101 determination contains genuine disputes over the underlying facts material to the § 101 inquiry. *See, e.g., Content Extraction*, 776 F.3d at 1349 (patent owner conceded the argued inventive concept "was a routine function of scanning technology at the time the claims were filed"); *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1370 (Fed. Cir. 2015) (patent owner argued an "interactive interface" is "a specific application of the abstract idea that provides an inventive concept" and did not dispute that the computer interface was generic). Whether a claim recites patent eligible subject matter is a question of law which may contain

1

> disputes over underlying facts. Patent eligibility has in many cases been resolved on motions to dismiss or summary judgment. Nothing in this decision should be viewed as casting doubt on the propriety of those cases. When there is no genuine issue of material fact regarding whether the claim element or claimed combination is well-understood, routine, conventional to a skilled artisan in the relevant field, this issue can be decided on summary judgment as a matter of law.

Slip Op. at 13.

- <u>The Inventive Concept Must be Captured in the Claims:</u>

    > The improvements in the specification, to the extent they are captured in the claims, create a factual dispute regarding whether the invention describes well-understood, routine, and conventional activities, *see Content Extraction*, 776 F.3d at 1347–48, so we must analyze the asserted claims and determine whether they capture these improvements, *Alice*, 134 S. Ct. at 2357.

    > The parties dispute whether these improvements to computer functionality are captured in the claims. *See* Appellant Br. at 42; Appellee Br. at 39–40, 43–44. We conclude that claim 1 does not recite an inventive concept sufficient to transform the abstract idea into a patent eligible application. Claim 1 recites a method of archiving including parsing data, analyzing and comparing the data to previously stored data, and presenting the data for reconciliation when there is a variance. It does not include limitations which incorporate eliminating redundancy of stored object structures or effecting a one-to-many change of linked documents within an archive. It does not even require the storage of data after it is presented for manual reconciliation. Thus, it does not recite any of the purportedly unconventional activities disclosed in the specification. Mr. Berkheimer does not advance any separate arguments regarding claims 2–3 and 9. Even considering these claims separately, they recite patent ineligible subject matter for the same reason.

Slip Op. at 15.

DATED:  February 9, 2018              Respectfully submitted,

/s/ Alan L. Whitehurst

Alan L. Whitehurst
DC Bar No. 484873 (admitted *pro hac vice*)
alanwhitehurst@quinnemanuel.com
Marissa R. Ducca
DC Bar No. 979328 (admitted *pro hac vice*)
marissaducca@quinnemanuel.com
Deepa Acharya
DC Bar No. 267654 (admitted *pro hac vice*)
deepaacharya@quinnemanuel.com
Scott E. Lerner
D. Md. Bar No. 13327
scottlerner@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Tel: (202) 538-8000
Fax: (202) 538-8100

Sean S. Pak
CA Bar No. 219032 (admitted *pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

*Attorneys for Defendant SemaConnect, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document on February 9, 2018.

                                                */s/ Alan L. Whitehurst*_____
                                                Alan L. Whitehurst