```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

CHARGEPOINT, INC.                    *

       Plaintiff            *

    vs.                              * CIVIL ACTION NO. MJG-17-3717

SEMACONNECT, INC.                    *

       Defendant            *

\*     \*     \*     \*     \*     \*     \*     \*     \*

<u>ORDER CORRECTING MEMORANDUM AND ORDER: MOTION TO DISMISS</u>

It appears that there was a typographical error in the Memorandum and Order: Motion to Dismiss [ECF No. 51] issued March 23, 2018 in that the word "not" was omitted from a sentence on page 67.

Accordingly:

1. The Memorandum and Order: Motion to Dismiss [ECF No. 51] issued March 23, 2018 page 67 is hereby corrected by the insertion of the word "not" in the second sentence of the first full paragraph on page 67.

2. The corrected page 67 of the Memorandum and Order: Motion to Dismiss is attached hereto as Exhibit A.

SO ORDERED, on <u>Thursday, March 29, 2018</u>.

                                        /s/_____
                                 Marvin J. Garbis
                      United States District Judge

system). The Court finds that this abstract idea does not rise to the level of patentability.

Individually, each of the claim limitations were inherently well-understood, routine, and conventional. The specification of the patent does not assert the invention of the step of receiving a request within a server. The specification does not purport to have invented transmitting a command over a network through a server. The specification does not purport to have invented a "determining" or "processing" step within a server.

The specification does purport to have invented the combined method within a server of receiving a request, determining whether to grant the request, and transmitting a command (to enable charge transfer or to modify electric charge). This is categorically non-inventive. "That a computer receives and sends [] information over a network—with no further specification—is not even arguably inventive." buySAFE, 765 F.3d at 1355. The "further specification" would be how the server determines whether to grant the request to charge. The determining step lies at the heart of the inventive concept as alleged in the specification. The determining step is the "something more" that was missing from many of the patent-ineligible claims in cases that were directed to sending and receiving communications over a network. The determining step decides whether to convert the request for charge into a command